IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KIMBERLY ZUSPAN,**

    **Plaintiff,**

  v.                                     Civil Action 2:24-cv-4001
                                          Judge Michael H. Watson
                                          Magistrate Judge Kimberly A. Jolson

**HOLZER HEALTH SYSTEM, et al.,**

    **Defendants.**

## OPINION & ORDER

Plaintiff's Motion for Sanctions is before the Court. (Doc. 72, 73). In it, Plaintiff asks the Court to impose sanctions under Federal Rule of Civil Procedure 37(d) for Defendants' failure to appear without substantial justification at the July 28, 2025, deposition of Defendant Dr. Lyndon Gaines. (*Id.*). The Court **DENIES** the Motion.

**I.**     **BACKGROUND**

Underlying Plaintiff's motion are disputes that have already required the Court's resources. Plaintiff first contacted the Court with complaints about deposition scheduling in April 2025. The Court ordered the parties to confer. (Doc. 32). When they were unable to work through their differences, the Court ordered them to try again because it appeared that they had not attempted earnestly to solve their scheduling issues. (Doc. 36). The Court emphasized the expectation that they do so. (*Id.*). With that guidance, the parties came to a resolution. (Doc. 40).

Several weeks later, Plaintiff filed a notice to take the deposition of Dr. Gaines on July 28. (Doc. 56; *see also* Doc. 73-11). Four days after that, Defendants informed Plaintiff that neither Dr. Gaines nor counsel would be available on July 28, and they proposed alternative dates. (Doc.

73-13). Plaintiff rejected the proposal and asserted that Dr. Gaines's "deposition will proceed as noticed." (Doc. 73-14). Another round of letters garnered the same result. (Docs. 73-15, 73-16).

Defendants then contacted the Court about the dispute on July 23 (five days before the noticed deposition date). (Doc. 79-1). Defendants noted the unavailability of both Defendants' counsel and Dr. Gaines on July 28, and they asked the Court to hold an informal status conference. (*Id.*). The Court directed the parties to "confer in good faith and work together to schedule depositions on mutually agreeable dates." (Doc. 79-2 at 1 (also citing to the Court's previous Order about finding agreed-upon depositions dates)). Defendants attempted to comply with this directive by emailing Plaintiff's counsel. (Doc. 79-3 (July 25 email proposing an August 18 deposition)). Plaintiff did not follow the Court's directive. (Doc. 79 at 5 (noting Plaintiff's counsel did not respond to counsel's email nor give notice she intended to still appear and "make a record" on July 28)).

Despite all involved being aware of Defendants' unavailability—and despite the Court's instruction that the parties find a mutually agreeable deposition date—Plaintiff's counsel showed up to the July 28 deposition. (Doc. 73-19). Surprising no one, neither Defendants' counsel nor Dr. Gaines was there. (*Id.*). Three weeks later on August 18—the date Defendants proposed as a compromise—Dr. Gaines sat for a deposition. (Doc. 73 at 12; Doc. 79 at 2). Plaintiff subsequently brought the Motion at bar, and the matter is ripe for consideration. (Docs. 72, 73, 79, 83).

II. **DISCUSSION**

Plaintiff seeks to hold Defendant Gaines and his counsel accountable for their nonappearance at the July 28 deposition. (Doc. 73 (seeking sanctions including attorney's fees and costs for filing the Motion)). Under Federal Rule of Civil Procedure 37(d), the Court may order sanctions if a party fails to attend its own deposition after being served with proper notice.

2

Among other possible sanctions for a party's absence, the court "must require" the non-appearing party, counsel, or both to pay the reasonable expenses and attorney's fees caused by the failure in attendance "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "This provision places the burden on the disobedient party to avoid expenses by showing that [the] failure [was] justified or that special circumstances make the award of expenses unjust." *Jones v. Int'l Longshoremen's Ass'n*, No. 3:12 CV 00345, 2012 WL 4092713, at *8 (N.D. Ohio Aug. 23, 2012), *report and recommendation adopted*, No. 3:12 CV 345, 2012 WL 4092625 (N.D. Ohio Sept. 17, 2012). "Conduct is 'substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 381 (6th Cir. 2022) (quoting *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755 (6th Cir. 2005)) (citation modified).

The Court finds Defendant Gaines and his counsel were substantially justified in not appearing for the July 28 deposition. When the parties could not agree on the deposition schedule, Defendants' counsel sought informal Court intervention under Local Rule 37.1. That was exactly what he should have done. S.D. Ohio Civ. R. 37.1 (stating that, in the event of a discovery dispute, "any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case" prior to the filing of a motion under Rule 26 or 37)). Then, the Court directed the parties to "confer in good faith and work together to schedule depositions on mutually agreeable dates." (Doc. 79-2). No matter Plaintiff's interpretation of this instruction, a reasonable person could determine Defendants made clear—several times—July 28 was not "mutually agreeable." (*See, e.g.*, Doc. 79-3). Clearly not "mutually agreeable," a deposition on that date would contravene the Court's instruction to the parties. (Doc. 79-2). Further, from the timeline

3

of events, a reasonable person could also determine Defendants acted appropriately in relying on the assumption Plaintiff would heed the Court's command to confer, rather than appearing at a deposition she knew neither Defendant Gaines nor counsel could attend. (*See also* Doc. 79 at 5 (noting Plaintiff's counsel did not respond to Defendants' July 25 email proposing new dates or "give notice that Plaintiff still planned to appear and 'make a record'" on July 28)). For these reasons, Defendant Gaines's nonappearance on July 28 was substantially justified. Under the circumstances outlined, an award of expenses would otherwise be unjust.

The Court is also hard pressed to find Plaintiff suffered prejudice. Again, to be clear, Plaintiff (1) noticed Dr. Gaines's deposition for July 28; (2) was quickly informed that day did not work for either counsel or the party; (3) was directed by the Court to find a mutually agreeable date; (4) failed to timely respond to Defendants' email proposing new dates; and (5) showed up to the deposition anyway. On this record, any expenses Plaintiff incurred from counsel's attendance on July 28 were self-imposed. Not only that, but Dr. Gaines also sat for a deposition three weeks later on a mutually agreed upon date. So, Plaintiff's argument that she suffered prejudice is not particularly persuasive, especially in light of the Court's adoption of the parties' proposed amended schedule below.

The Court also takes a moment to highlight that Federal Rule of Civil Procedure 1 instructs that parties must employ the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiff's 67-page motion on what essentially is a basic scheduling issue is exactly the type of filing Rule 1 is meant to preempt. (*See* Doc. 73 (Plaintiff's 67-page memorandum in support with exhibits); *see also* Doc. 83 (Plaintiff's 17-page reply)). On two previous occasions, the Court warned Plaintiff that she must work with Defendants in good faith on scheduling and discovery disputes (Docs. 36, 41), and the Court does so again.

4

*See* Fed. R. Civ. P. 26(f)(2) (stating the parties must confer on various discovery issues "in good faith"); Fed. R. Civ. P. 37(a)(1) (mandating parties to certify that they conferred in good faith before filing motions to compel); Fed. R. Civ. P. 26(c)(1) (requiring the same for motions for protective orders); S.D. Ohio Civ. R. 37.1 (stating the parties must exhaust all extrajudicial means for resolving discovery disputes before seeking the Court's intervention).

The Court will not hesitate to strike future filings that do not comply with the Federal and Local Rules on this front or that raise petty disputes. The Court also will not hesitate to shift fees on any future discovery-related motions, regardless of which party brings the motion.

Lastly, the Court **ADOPTS** the parties' proposed schedule (Doc. 84), and **AMENDS** the case deadlines as follows:

- Plaintiff's expert witness disclosures due    October 15, 2025
- Plaintiff's settlement demand due    November 1, 2025
- Defendant's expert witness disclosures due    November 21, 2025
- Plaintiff's rebuttal expert disclosures due    December 12, 2025
- Discovery due    February 15, 2026
- Dispositive motions due    March 15, 2026

The Court will not extend these deadlines further and expects the parties to mediate as planned in December 2025 (*see* Doc. 85).

IT IS SO ORDERED.

Date:  September 25, 2025    /s/ Kimberly A. Jolson
                             KIMBERLY A. JOLSON
                             UNITED STATES MAGISTRATE JUDGE

5