**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KIMBERLY ZUSPAN,**

     **Plaintiff,**

     **v.**                      **Civil Action 2:24-cv-4001**
                                    **Judge Michael H. Watson**
                                    **Magistrate Judge Kimberly A. Jolson**

**HOLZER HEALTH SYSTEM, et al.,**

     **Defendants.**

<u>**OPINION & ORDER**</u>

Defendants' Motion for a Protective Order (Doc. 93) is before the Court. In it, Defendants seek an order from this Court prohibiting Plaintiff from deposing Defendants' employees, Brynn Noe, Dr. Nicolette Jones, Todd Fowler, and Ellen Garling. (*Id.* at 1). The Motion is **DENIED.**

## I.    BACKGROUND

This medical malpractice case arises from a surgery gone wrong. Plaintiff alleges Dr. Gaines, an employee of Holzer Health System, acted negligently in performing her endometrial ablation procedure in April 2023. (Doc. 1 at ¶¶ 25–27). More specifically, she claims Dr. Gaines perforated her uterus during the procedure and stopped operating. (*Id.* at ¶ 19). Because of the perforation, Plaintiff needed to have her uterus removed. (*Id.* at ¶ 20). And a few days after the removal, Plaintiff was diagnosed with necrotizing fasciitis, requiring another surgery. (*Id.* at ¶¶ 22–24). Plaintiff alleges that in September 2025, while this case was ongoing, Ellen J Garling, Chief Legal Officer for Holzer Health, terminated Plaintiff's physician-patient relationship with all Holzer physicians for thirty days. (Doc. 77 at ¶ 32). Accordingly, Plaintiff amended her complaint to add two new claims: (1) "Patient Abandonment" and (2) "Tortious Interference with the Physician-Patient Relationship." (*Id.* at 6–7).

During discovery for these claims, Defendants produced documents about the hospital policy used to terminate Plaintiff as a patient, as well as subcommittee meeting minutes for the meeting that approved Plaintiff's termination. (Doc. 102 at 2). Plaintiff then sought to depose four employees of Defendant Holzer who may have knowledge about the termination policy and who may have been directly involved with the termination. (*Id.*). Plaintiff represents that Defendants were unwilling to provide deposition dates for these witnesses, despite her proper request. (*Id.* ("The Defendant's response to this proper request was to simply say they would not agree to any and all dates and would not be producing witnesses at any time."); *see* Doc. 93 at 11 (noting that Defense counsel "refused to provide any dates" for the depositions)). So, Plaintiff unilaterally noticed depositions of these four employees. (Docs. 88, 89, 90, 91).

Shortly thereafter, Defendants filed a motion for judgment on the pleadings to dismiss the two newly added claims because, say Defendants, Plaintiff failed to state a claim for relief. (Doc. 92). At the same time, Defendants filed the present Motion for a Protective Order, asking the Court to prohibit the depositions of the four employees until after the motion for judgment on the pleadings is decided. (Doc. 93). The Court stayed briefing on the matter and ordered the parties to confer and file a status report updating the Court on the dispute. (Doc. 94). Because the parties reported no progress toward a resolution, the Court lifted the stay and expedited briefing. (Docs. 96, 98). That Motion is now ripe for consideration. (*See* Doc. 102).

## II. STANDARD OF REVIEW

Where, as here, a party moves for a protective order to prevent a properly-noticed deposition from proceeding, the movant carries a "heavy burden" under the Federal Rules of Civil Procedure. *Ogle v. Columbia Gas Transmission*, No. 2:10-cv-1059, 2014 WL 6814145, at *4 (S.D. Ohio Dec. 3, 2014). Because a protective order is difficult to obtain, it must be based on the movant's "specific and persuasive showing of good cause." *Libertarian Party of Ohio v. Husted*,

302 F.R.D. 472, 476 (S.D. Ohio 2014) (stating that "granting such orders absent a specific and persuasive showing of good cause would cut against the fact that, under Rule 30(a), '[a] party may . . . depose any person, including a party, without leave of court . . . .'"); *see also Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (finding that the alleged harm caused by allowing the deposition to proceed must be illustrated with particularity and specificity and not based on "stereotyped and conclusory statements" such as the notion that corporate executive depositions are inherently sought for harassment).  In the limited instance where the movant satisfies this standard, it may be accomplished by demonstrating that the proposed deponent lacks any relevant knowledge, that the testimony sought would be unreasonably cumulative, or duplicative or is sought for the purpose of harassment.  *Libertarian Party*, 302 F.R.D. at 475–76 (noting burden shifting under certain circumstances); *see also Bailey v. Ky. Cmty.*, No. 5:14-cv-143-TBR-LLK, 2015 WL 4886089, at *1 (W.D. Ky. Aug. 17, 2015) ("Practically speaking, proving that any deposition witness lacks any relevant evidence serves as a difficult task because of the liberal scope of discovery.").  In sum, a motion for a protective order preventing a deposition should be granted "rarely" and only under "extraordinary circumstances."  *Libertarian Party*, 302 F.R.D. at 476 (citation omitted).

## III.  DISCUSSION

In their request for a protective order, Defendants argue the depositions at issue should not occur until after the Court decides its pending motion for judgment on the pleadings.  (Doc. 93 at 1).  Defendants also argue that the four employees Plaintiff seeks to depose will not be able to produce any relevant information.  (*Id.* at 5).  Finally, they claim that going forward with the irrelevant depositions would be a waste of time and resources.  (*Id.*).  The Court disagrees on all fronts.

First, the Court is unconvinced that the depositions should wait until after decision of Defendants' motion for judgment on the pleadings.  Notably, discovery is not stayed, and pending dispositive motions rarely justify staying discovery.  *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) ("It suffices to say that, as a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending unless special circumstances justify that action."); *see also Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018) ("The existence of a 'garden-variety' motion to dismiss is generally insufficient to justify a stay [of] discovery.").  In limited circumstances, a stay can be justified where a defendant has raised the defense of qualified or absolute immunity, "which must, as a matter of law, be addressed before discovery proceeds."  *Shanks*, 2009 WL 2132621, at *1.  But Defendants raise no such defense in their dispositive motion.  Instead, they argue that the patient abandonment and tortious interference claims fail to state a claim for relief. (Doc. 93 at 4; Doc. 92 at 4).  As such, Defendants present the "garden-variety" dispositive motion that this Court has deemed insufficient to justify a discovery stay.  *Ray*, 2018 WL 4907080, at *2.

Second, Defendants argue the four witnesses whom Plaintiff seeks to depose have no relevant testimony to offer.  (Doc. 93 at 5).  But it "does not matter that the proposed witness . . . professes lack of knowledge of the matters at issue, as the party seeking the discovery is entitled to test the asserted lack of knowledge." *Libertarian Party*, 302 F.R.D. at 479 (citation modified). Here, Plaintiff is entitled to determine for herself what these employees know.  Any objections Defendants have to the relevance of specific questions are best made during the deposition itself.

Relatedly, the Court is unconvinced that the depositions will not uncover relevant evidence. In fact, Defendants concede that the witnesses have at least some relevant knowledge such as "the existence of the policy related to termination of the physician-patient relationship with patients

4

who sue the hospital system, and the fact that the policy was applied to [Plaintiff]." (Doc. 93 at 5). Given the liberal scope of discovery, Plaintiff has done enough to demonstrate that the depositions are likely to uncover information that is relevant to legal and factual issues in this litigation. Importantly, "[t]he concept of relevance during discovery is necessarily broader than at trial." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *3 (S.D. Ohio July 23, 2010). Rule 26's plain language allows parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," even if that evidence is not admissible at trial. Fed. R. Civ. P. 26(b)(1). Time and again, courts have held that the scope of discovery reaches information related to "any of the myriad of fact-oriented issues that arise in connection with litigation." *See, e.g.*, *Guinn*, 2010 WL 2927254, at *3. Here, Plaintiff claims that these individuals were "members of a subcommittee involved in termination of Plaintiff's physician relationships and care." (Doc. 102 at 7). Seeing as Plaintiff asserts a claim for "Patient Abandonment" and "Tortious Interference with the Physician-Patient Relationship" (Doc. 77 at 6–7), the individuals who allegedly were involved with the termination of the patient-physician relationship are likely to have relevant information for these claims.

Third, Defendants argue that deposing the four employees would cause undue burden and expense on Defendants and would unnecessarily annoy and oppress the deponents. (Doc. 93 at 5). They ground their argument in the belief that the individuals do not have relevant knowledge, as discussed above. (*Id.*). But because the Court disposed of their relevance argument, the Court finds their undue burden arguments similarly unavailing. Defendants face the same burden as any other civil litigant, and they have presented no evidence to indicate otherwise.

For these reasons, Defendants Motion for a Protective Order is **DENIED.**

*****

As a final note, Plaintiff asks for an order precluding Defendants from filing duplicative protective orders regarding these depositions.  (Doc. 102 at 9).  She also asks the Court to order Defendants to provide future deposition dates for these witnesses.  (*Id.*).  To the first request, Defendants are **REMINDED** that duplicative motions on this matter will not be well-taken. **Within ten (10) days of this Order,** Defendants are **ORDERED** to provide Plaintiff with proposed deposition dates.  On or before that same date, the parties are **ORDERED** to confer and to file a joint status report outlining the anticipated date(s) the depositions are set to occur.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for a Protective Order (Doc. 93) is **DENIED.  Within ten (10) days of this Order,** Defendants are **ORDERED** to provide Plaintiff with proposed deposition dates.  By the same date, the parties are **ORDERED** to confer and file a joint status report outlining the anticipated date(s) the depositions are set to occur.

IT IS SO ORDERED.

Date:  December 9, 2025

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE